FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

MAY 3 1 2011

JAMES N. HATTEN, CLERK
By: _____

-ODE

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MARQUES CARTER          )
                        )
          Plaintiff,    )
                        )          CIVIL ACTION
v.                      )          FILE NO.
                        )          1:11-CV-1776
NCO FINANCIAL SYSTEMS, INC.  )
                        )
          Defendant.    )
_____)

## NATURE OF ACTION

1.     This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

## JURISDICTION AND VENUE

2.     This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3.     Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, (where Plaintiff resides in this district), and/or where Defendant transacts business in this district.

## PARTIES

4.     Plaintiff, Marques Carter ("Plaintiff"), is a natural person who at all

relevant times resided in the State of Georgia, County of Douglas, and City of Douglasville.

5.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6.     Defendant, NCO Financial Systems, Inc. ("Defendant") is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

7.     Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8.     Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

9.     Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.   Plaintiff incurred the obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant.

10.    Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or

regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

11.    In connection with the collection of an alleged debt, Defendant, via its agent-in-fact, placed a telephone call to Plaintiff's cellular telephone on March 16 at 8:11 P.M., and at such time, left a voicemail message for Plaintiff in which Defendant's failed to disclose the caller's individual identity and further failed to notify Plaintiff that the call was from a debt collector.  (15 U.S.C. §§ 1692d(6), 1692e(11)).

12.    Defendant placed multiple non-emergency calls to Plaintiff's cellular telephone, without the prior express consent of Plaintiff, using an automatic telephone dialing system. (47 U.S.C. 227(b)(1)(A)(iii)).

13.    Defendant's actions constitute conduct highly offensive to a reasonable person.

## COUNT I

14.    Plaintiff repeats and re-alleges each and every allegation contained above.

### 15 U.S.C. §1692(e)(11)

15.    The FDCPA at section 1692e(11) provides:

A debt collector may not use any false, deceptive, or

misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

\*       \*       \*

(11) The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.

15 U.S.C. §1692e(11).

16.     "The provisions of the FDCPA are clear that in initial or subsequent communications, it must be disclosed that the communication is from a debt collector." *Drossin v. Nat'l Action Financial Services, Inc.,* 641 F. Supp. 2d 1314,

1319 (S.D. Fla. 2009).

17.    "A collection agent must follow the disclosure requirement of identifying himself as a debt collector in all communications." *Masciarelli v. Richard J. Boudreau & Associates, LLC*, 529 F. Supp. 2d 183, 186 (D. Mass. 2007); *Winberry v. United Collection Bureau*, Inc., 692 F. Supp. 2d 1279, 1292 (M.D. Ala. 2010) ("This court is persuaded that the plain language of the statute as it now reads, having been amended, requires a debt collector to identify in subsequent communications that he is a debt collector" ); *Piliples v. Credit Bureau of Lockport*, 886 F. 2d 22, 26 (2d Cir. 1989) ("[W]e must now address the question left open in Emanuel and determine whether the Notice, a follow-up communication, was also required to comply.  We hold that it was, and therefore rule that Piliples has established a violation of section 1692e(11)."); *Frey v. Gangwish*, 970 F. 2d 1516, 1520 (6th Cir. 1992) ("follow-up communications are subject to the disclosure requirements of section 1692e(11)"); *Carroll v. Wolpoff & Abramson*, 961 F. 2d 459, 461 (4th Cir. 1992), cert. denied, 113 S. Ct. 298 (1992) (holding that follow-up notices are subject to the disclosure requirements of section 1692e(11)); *Dutton v. Wolpoff & Abramson*, 5 F. 3d 649, 654 (3d Cir. 1993) (rejecting Pressley because it "changes the clear and unambiguous language 'all communications' and substitutes the more limited phrase 'some

communications.'")

18.     Voice messages from debt collectors to debtors are "communications" regardless of whether a debt is mentioned in the message.   *Hutton v. C.B. Accounts, Inc.*, 2010 WL 3021904, 2-3 (C.D. Cal. 2010) ("[A] debt collector's failure to identify itself as such in initial and subsequent communications, be they oral or written, with a debtor is a violation of the FDCPA."); *Savage v. NIC, Inc.*, 2009 WL 2259726, *3 (D. Ariz. 2009) ("the Court finds that leaving a phone message constitutes the placement of a telephone call under § 1692d(6)."); *Berg v. Merchants Assoc. Collection Div., Inc.*, 586 F. Supp. 2d 1336, 1340-1341 (S.D. Fla. 2008) ("Although debt collectors are to refrain from mentioning the debt when communicating with third parties, they must indicate to the consumer their identity, that the debt collector is attempting to collect a debt, and that any information obtained would be used for that purpose.") (citing *Belin v. Litton Loan Servicing, LP*, 2006 WL 1992410 *4 (M.D. Fla. 2006) (("[M]essages left on answering machines that did not directly convey information about a debt were still communications under the FDCPA, because they conveyed information about a debt indirectly, since the purpose of the message is to get the debtor to return the call to discuss the debt.")); Foti *v. NCO Fin. Sys.*, 424 F. Supp. 2d 643, 655-56 (S.D. N.Y. 2006) ("Thus, given the choice of language by Congress, the FDCPA

should be interpreted to cover communications that convey, directly or indirectly, any information relating to a debt, and not just when the debt collector discloses specific information about the particular debt being collected."); *Hosseinzadeh*, 387 F. Supp. 2d at 1115-16 ("[M]essages left by defendant on plaintiff's answering machine constitute "communications.") (citing FTC Staff Commentary on FDCPA, 53 Fed. Reg. 50103 (Dec. 13, 1988) (rejecting contentions that "contacts *that do not explicitly refer to the debt are not 'communications' and, hence, do not* violate any provision where that term is not used" and concluding that some contacts that do not mention debt may refer to the debt "indirectly," thereby constituting communications)).

19.    Defendant violated the FDCPA as detailed above.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Adjudging that Defendant violated the FDCPA;

b)  Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c)  Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d)  Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

e)  Awarding Plaintiff any pre-judgment and post-judgment interest as

may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and

proper.

**TRIAL BY JURY**

20.        Plaintiff is entitled to and hereby demands a trial by jury.


This 26 day of May, 201


ATTORNEYS FOR PLAINTIFF
MARQUES CARTER

Respectfully submitted,

Craig J. Ehrlich
Georgia Bar No. 242240
WEISBERG & MEYERS, LLC
5025 N. Central Ave. #602
Phoenix, AZ 85012
(888) 595-9111 ext. 250
(866) 842-3303 (fax)
cehrlich@attorneysforconsumers.com

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1

The undersigned hereby certifies that the foregoing document has been prepared in accordance with the font type and margin requirements of Local Rule 5.1 of the Northern District of Georgia, using a font type of Time New Roman and a point size of 14.

Respectfully submitted,

Craig J. Ehrlich
Georgia Bar No. 242240
WEISBERG & MEYERS, LLC
5025 N. Central Ave. #602
Phoenix, AZ 85012
(888) 595-9111 ext. 250
(866) 842-3303 (fax)
cehrlich@attorneysforconsumers.com